# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONZO SHEPPARD, | Case No. 1:24-cv-0078-BAM (PC) |
| Plaintiff, | ORDER REQUIRING PLAINTIFF TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED, WITHOUT PREJUDICE, FOR FAILURE TO EXHAUST PRIOR TO FILING SUIT |
| v. | |
| BRYAN PHILLIPS, | |
| Defendant. | (ECF No. 1) |
| | **TWENTY-ONE (21) DAY DEADLINE** |

Plaintiff Lonzo Sheppard ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199–1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, *Booth v. Churner*, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all suits relating to prison life, *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

     According to the attachments to the complaint, Plaintiff submitted a 602 grievance on his conditions of confinement, which was received by the Office of Grievance, on December 20, 2023. (Doc. 1, p. 10.)  The Grievance Receipt Acknowledgment states that the Office of Grievance would complete review by February 19, 2024.  *Id.*  Plaintiff's complaint in this case is signed and dated January 15, 2024, and filed on January 17, 2024, which predate the completion of administrative review.  (Doc. 1, p. 12.)  Accordingly, it appears that Plaintiff failed to exhaust his administrative remedies before filing this case. Based on the information provided, it appears Plaintiff filed suit prematurely without first exhausting his administrative remedies in compliance with the PLRA, section 1997e(a).

     Accordingly, Plaintiff is HEREBY ORDERED to show cause within **twenty-one (21) days** from the date of service of this order why this action should not be dismissed, without prejudice, for failure to exhaust prior to filing suit.  *See, e.g.*, *Albino v. Baca*, 747 F.3d 1162, 1169 (9th Cir. 2014) (in rare cases where a failure to exhaust is clear from the face of the complaint, it may be dismissed for failure to state a claim); *Medina v. Sacramento Cty. Sheriff's Dep't*, No. 2:16-cv-0765 AC P, 2016 WL 6038181, at *3 (E.D. Cal. Oct. 14, 2016) ("When it is clear from the face of the complaint and any attached exhibits that a plaintiff did not exhaust his available administrative remedies before commencing an action, the action may be dismissed on screening for failure to state a claim."); *Lucas v. Dir. of Dep't. of Corrs.*, 2015 WL 1014037, at *4 (E.D. Cal. Mar. 6, 2015) (relying on *Albino* and dismissing complaint without prejudice on screening due to plaintiff's failure to exhaust administrative remedies prior to filing suit).

IT IS SO ORDERED.

   Dated:   **May 3, 2024**             /s/ *Barbara A. McAuliffe*
                                                  UNITED STATES MAGISTRATE JUDGE