# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONZO SHEPPARD,<br><br>                Plaintiff,<br><br>    v.<br><br>PHILLIPS,<br><br>                Defendant. | Case No. 1:24-cv-00078-BAM (PC)<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE<br>(ECF No. 10)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES<br><br>**FOURTEEN (14) DAY DEADLINE** |

      Plaintiff Lonzo Sheppard ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action was initiated on January 17, 2024. (ECF No. 1.)

      On May 3, 2024, the Court issued an order requiring Plaintiff to show cause, within twenty-one days, why this action should not be dismissed for failure to exhaust administrative remedies. (ECF No. 10.) On May 13, 2024, Plaintiff filed a response to the order to show cause. (ECF No. 11.)

///

///

1

## I. Legal Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

Pursuant to the Prison Litigation Reform Act of 1996, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199–1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, *Booth v. Churner*, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all suits relating to prison life, *Porter v. Nussle*, 435 U.S. 516, 532 (2002).

In rare cases where a failure to exhaust is clear from the face of the complaint, it may be dismissed for failure to state a claim. *See, e.g.*, *Albino v. Baca*, 747 F.3d 1162, 1169 (9th Cir. 2014); *Medina v. Sacramento Cty. Sheriff's Dep't*, No. 2:16-cv-0765 AC P, 2016 WL 6038181, at *3 (E.D. Cal. Oct. 14, 2016) ("When it is clear from the face of the complaint and any attached exhibits that a plaintiff did not exhaust his available administrative remedies before commencing an action, the action may be dismissed on screening for failure to state a claim."); *Lucas v. Dir. of Dep't. of Corrs.*, 2015 WL 1014037, at *4 (E.D. Cal. Mar. 6, 2015) (relying on *Albino* and dismissing complaint without prejudice on screening due to plaintiff's failure to exhaust administrative remedies prior to filing suit).

## II. Discussion

According to attachments to the complaint, Plaintiff submitted a 602 grievance on his conditions of confinement claim, which was received by the Office of Grievance on December

1  20, 2023.  (ECF No. 1, p. 10.)  The Grievance Receipt Acknowledgement states that the Office of
2  Grievance would complete review by February 19, 2024.  (*Id.*)  Plaintiff's complaint in this case
3  is signed and dated January 15, 2024, and filed on January 17, 2024, which predate the
4  completion of administrative review.  (*Id.* at 12.)

5  In his response to the order to show cause, Plaintiff attaches copies of other grievances
6  and Grievance Receipt Acknowledgements he recently filed, most of which indicate that the
7  Office of Grievance has not yet completed its review of his grievances.  (ECF No. 11, pp. 8–39.)
8  Plaintiff also includes a final decision on the grievance attached to his complaint, Log No.
9  495037.  That decision is dated February 20, 2024.  (*Id.* at 16.)  Accordingly, Plaintiff did not
10 exhaust his administrative remedies as to Grievance Log No. 495037 before filing the complaint
11 in this action.

12 In addition, no other documents attached to Plaintiff's response indicate that Plaintiff
13 exhausted his administrative remedies with respect to the claims in this action, before he filed the
14 complaint.  Plaintiff received a final decision on Grievance Log No. 487413 on February 20,
15 2024, (*id.* at 24–25), and no other documents or arguments included in Plaintiff's filing
16 demonstrate that he received a final decision before filing the complaint in this action.

17 Based on the foregoing, it appears that as of January 17, 2024, the date Plaintiff filed the
18 complaint, Plaintiff had not yet exhausted his administrative remedies.  Therefore, because
19 Plaintiff had not yet received a decision, Plaintiff failed to exhaust his administrative remedies
20 before filing this action.  Plaintiff is informed that a dismissal of this action, without prejudice,
21 does not prevent him from re-filing this action in this Court.

22 **III.    Order and Recommendation**

23 Accordingly, the order to show cause issued on May 3, 2024, (ECF No. 10), is HEREBY
24 DISCHARGED and the Clerk of the Court is DIRECTED to randomly assign a District Judge to
25 this action.

26 Furthermore, it is HEREBY RECOMMENDED that this action be dismissed, without
27 prejudice, based on Plaintiff's failure to exhaust administrative remedies prior to filing suit.
28 ///

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **May 15, 2024**            /s/ Barbara A. McAuliffe
                                    UNITED STATES MAGISTRATE JUDGE